JOHN S. KEDROVSKY, Individually and on Behalf of Others, Respondent, *v.* ARCHBISHOP AND CONSISTORY OF THE RUSSIAN ORTHODOX GREEK CATHOLIC CHURCH et al., Defendants.

PLATON ROZDESTVENSKY et al., Appellants.

(Argued April 18, 1928; decided July 19, 1928.)

*George Zabriskie* for appellants. The orders placing property in the custody of the receiver, on which the plaintiff builds up his case, are not *res adjudicata* that the Archbishop and Consistory are entitled to the real estate involved in this suit, as the court evidently regards them. (*Brown* v. *Cleveland Trust Co.*, 233 N. Y. 399; *Everett* v. *Everett*, 180 N. Y. 452; *Riggs* v. *Purcell*, 74 N. Y. 370; *Howell* v. *Mills*, 53 N. Y. 322; *Humboldt Exploration Co.* v. *Fritsch*, 150 App. Div. 90; *Dutton* v. *Smith*, 10 App. Div. 566; *People ex rel. Multer* v. *Multer*, 107 Misc. Rep. 58; *Santowsky* v. *McKey*, 249 Fed. Rep. 51.) No right or title of the litigant parties has been determined. A receiver *pendente lite* is a caretaker, a mere custodian, and acquires no title to the property. The property remains in the hands of the receiver subject to a final determination at the trial, in which the issues of title must be properly raised and litigated. (*Miles* v. *New South Building & Loan Assn.*, 95 Fed. Rep. 919; *Union Bank* v. *Kansas City Bank*, 136 U. S. 223; *Shrady* v. *Van Kirk*, 51 App. Div. 504; *Cobb* v. *Sweet*, 46 App. Div. 375; *Barnard* v. *Kobbe*, 54 N. Y. 516; *Kenny* v. *South Shore Gas Co.*, 201 N. Y. 89; *Wiechers* v. *McCormick*, 122 App. Div. 860; *Moores* v. *Townshend*, 102 N. Y. 387; *Rudd* v. *Cornell*, 171 N. Y. 114; *Silberstein* v. *Silberstein*, 218 N. Y. 528; *People ex rel. Reilly* v. *Johnson*, 38 N. Y. 63.)

*Ralph M. Frink* for respondent. The ownership of the properties by the incorporated Archbishop and Consistory was established also by the former adjudication. (*Kinnan* v. *42nd St. Ry. Co.*, 140 N. Y. 183; *Krekeler* v. *Ritter*, 62 N. Y. 372; *Foulke* v. *Thalmessinger*, 1 App. Div. 598; 158 N. Y. 725; *Lance* v. *Shaughnessy*, 86 Hun, 411; 153 N. Y. 653; *Dwight* v. *St. John*, 25 N. Y. 203; *White* v. *Ewing*, 159 U. S. 36; High on Receivers [4th ed.], § 219; *Pinkham* v. *Borst*, 24 How. Pr. 246; *Irving Bank* v. *Kernan*, 1 Redf. Surr. 1.)

*Per Curiam.* The corporation known as the Archbishop and Consistory did not hold the legal title to the lands in controversy. It did not succeed to any title belonging to the unincorporated association known as the Archbishop and Consistory, for the reason that the latter association had no title to succeed to. The title was either in Archbishop Nemolovsky for the benefit of the faithful of the church within his diocese, or in the defendants to whom he attempted to transfer his trusts (whether successfully or not. we do not now decide), or in the faithful of the church themselves. In none of these views was it in the members of the Consistory who were merely managers or advisers.

The order which is supposed to have established the rights of the body corporate was not an adjudication as to title. This is so even if we assume that the order so far as it goes is to be treated as a final judgment. Things were said by the referee in the course of his report from which we may judge that in his opinion the corporation had the title. The reasons leading up in his mind to the relief which he recommended, must be distinguished from the relief itself. The decretal part of the order made on his report does not involve an adjudication as to title, nor was a finding as to title incidental or necessary thereto. All that the order does is to require the defendants, who had acquired their title, if any, during the pendency of a receivership, to deliver the deeds into the physical possession of the receiver, and to execute such other deeds as might thereafter be required. In other words, the order was merely to the effect that since whatever title they held had been gained *pendente lite*, their rights and interests were subject, like those of any other purchaser in such conditions, to the final judgment of the court.

In view of the dissensions that have arisen, the Supreme Court may well conclude that the title should be vested in some other trustee who may be relied upon to carry

out more effectively and faithfully the purposes of this religious trust (*Carrier* v. *Carrier*, 226 N. Y. 114). Whether such trustee should be the plaintiff, who is the present Archbishop, or the incorporated Archbishop and Consistory, or some one else, we do not now determine. This question is one to be passed upon by the Supreme Court in its discretionary supervision of the conduct of trustees. That discretion has not been exercised by any judgment yet pronounced. The case has been determined on the erroneous assumption that deeds to the corporation are nothing more than further assurance for a title already held.

The judgment of the Appellate Division and that of the Special Term should be reversed and a new trial granted with costs to abide the event.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; CRANE, J., not sitting.

Judgments reversed, etc.